UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                          Crim. No. 96-81(1) (PAM/JGL)

                           Plaintiff,
v.                                                                                   **MEMORANDUM AND ORDER**

Paul W. Moore,

                           Defendant.

---

This matter is before the Court on Defendant's Motion for Reconsideration. On May 4, 2005, the Court denied Defendant's Motion for Imposition of Sentence of Imprisonment pursuant to 18 U.S.C. §§ 3582(b)(1)(3), (c)(1)(i) and (c)(2). Defendant claims that the Court erred by construing his Motion as one under 28 U.S.C. § 2255, and that his Motion under 18 U.S.C. § 3582(c)(2) must be granted.

The sentencing court may modify a term of imprisonment under very limited circumstances. The Court may not modify a term of imprisonment once it has been imposed unless the United States Sentencing Commission subsequently lowers the term of imprisonment pursuant to 28 U.S.C. § 994(o). See 18 U.S.C. § 3582(c)(2). Only then may the Court determine whether a reduction is appropriate under the factors set forth in § 3553(a). Id.

Although Defendant believes that § 3582 provides him relief, Defendant fails to identify any amendment made by the United States Sentencing Commission under § 994(o) that would reduce his term of imprisonment. Instead, Defendant insists that the Supreme Court's decision

in Booker v. Washington permits the Court to adjust his sentence pursuant to this statute.

The Court already addressed these issues in its previous Order and will not revisit them again. In sum, Booker does not apply to cases on collateral review, like the instant case. See United States v. Delpit, File No. 94-106(3), 2005 WL 1080519, * 2 (D. Minn. May 2, 2005) (Magnuson, J.). Furthermore, although Booker rendered the Sentencing Guidelines advisory in nature, it does not prevent the sentencing court from considering the Sentencing Guidelines to determine the appropriate sentence. See United States v. Haack, 403 F.3d 997, 1002 (8th Cir. 2005). Therefore, Defendant is incorrect in arguing that he is entitled to a modification of his sentence under § 3582.

Accordingly, based on all the records, filings and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (Clerk Doc. No. 198) is **DENIED**.

Dated: June 6, 2005

/s Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge